**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:

                                CASE NO.21-22010-MAM

LISA M. ZIMMERMANN,

                                CHAPTER 11 PROCEEDING

     Debtor.

_____/

## DEBTOR'S PLAN OF REORGANIZATION

      LISA M. ZIMMERMANN, ("Debtor"), Debtor and Debtor-in-possession herein, hereby proposes the following Plan Of Reorganization ("PLAN"), pursuant to the provisions of Chapter 11 of the Bankruptcy Code, and agrees to be bound thereby:

### ARTICLE I
### DEFINITIONS

      Hereinafter, for the purpose of this PLAN, the following terms shall have the following meaning, unless the context requires otherwise:

      **"ADMINISTRATIVE EXPENSE"** means a liability actually and necessarily incurred in connection with the Chapter 11 case concerning the Debtor after the commencement of the Chapter 11 case, but does not include every liability that arises after the commencement of the Chapter 11 case.

      **"ALLOWED CLAIM"** or similar phrase means a claim that is entitled to receive payment under this PLAN in a determined amount. Where a claim is an allowed claim the amount of the allowed claim is determined by one of the following methods:

      (a)    if the claim appears on the Schedules as filed by the Debtor, and the claim is not listed as disputed, unliquidated or contingent, the Holder has not filed a Proof Of

-2-

Claim, and the claim has not been objected to as of the confirmation date, then the claim is an allowed claim in the amount listed on the Schedules;

(b)    if the Holder has filed a Proof Of Claim, whether or not the claim appears on the Schedules, and the claim has not been objected to as of the confirmation date, then the claim is an allowed claim in the amount as filed in the Proof Of Claim;

( c)  if an objection has been made to a claim on or before the confirmation date, then the claim is not allowed as of such date, but a determination will be made by the Bankruptcy Court after notice and hearing with respect to whether and in what amount the claim is allowed.

(d)    the claim was not scheduled by the Debtor, but subsequent review of the Debtor's  records reveal said claim, and the Debtor  does  not dispute or object to same.

**"ALLOWED  ADMINISTRATIVE  CLAIM"** shall mean that portion of any administration claim or administrative claim which has been allowed:

**"ALLOWED PRIORITY CLAIM"** shall mean the portion of any allowed claim entitled to priority under Section 507(a) of the Code.

**"ALLOWED SECURED CLAIM"** shall mean any allowed claim which is secured by a lien on property of a Debtor, to the extent of the value of the interests of the Holder of such allowed claim in such property of the Debtor as determined by the Bankruptcy Court pursuant to Section 506(a) of the Code, together with such interest, fees, costs and charges as may be allowed by the Bankruptcy Court under Section 506(b) of the Code.

**"ALLOWED UNSECURED CLAIMS"** shall mean any allowed claim which is not

-3-

an allowed administrative claim, allowed priority claim, or allowed secured claim.

**"BANKRUPTCY CODE"** shall mean Title 11 of the United States Code, as amended, in effect and applicable to the Chapter 11 case concerning the Debtor.

**"BANKRUPTCY RULES"** means the rules governing practice and procedure in bankruptcy cases, as promulgated by the Supreme Court of the United States, as amended, in effect and applicable to a Chapter 11 case concerning the Debtor.

**"CLAIM"** shall mean as follows:

(a)    The right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed undisputed, legal, secured or unsecured; or

(b)    The right to an equitable remedy for a breach of performance, if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or

( c)   A duly listed or timely filed claim in this Chapter 11 proceeding, which claim is  allowed and ordered to be paid by the United States Bankruptcy Court in this proceeding.

**"CLASS"** shall mean a group of claims or interests consisting of claims or interests which are substantially similar to each other, as classified pursuant to the PLAN.

**"CONFIRMATION DATE"** shall mean the date on which the Court signs an Order confirming the PLAN in accordance with the provisions of the Bankruptcy Code.

**"CONSUMMATION OF THE PLAN"** shall mean the accomplishment of all things

-4-

contained or provided for in the Debtor's PLAN.

**"COURT"** shall mean the United States Bankruptcy Court for the Southern District of Florida and is sometimes referred to in the PLAN as the "Bankruptcy Court" or "Court".

**"DEBTOR"** shall mean Lisa M. Zimmermann.

**"DISPUTED CLAIM"** shall mean any claim (other than an allowed claim) (a) which is scheduled pursuant to the Bankruptcy Code as disputed, contingent or liquidated, or proof of which has been filed with the Court and an objection to the allowance there has been or is interposed prior to the final date for the filing of such objection set forth in the Order of the Court confirming the PLAN, and (b) as to which such dispute or objection has not been determined by a final Order.

**"EFFECTIVE DATE"** shall mean the second business day after the Order of Confirmation becomes a final Order or the second business day after the closing of the sale of the Homestead Property, whichever is later.

**"FINAL ORDER"** shall mean an Order or a judgment which has not been styled and as to which Order or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing for which has expired and as to which no appeal or petition for review or rehearing is pending.

**"PLAN"** shall mean this Plan Of Reorganization in its present form or as it may be modified, amended or supplemented.

**"PRIORITY CREDITOR"** shall mean any creditor with a claim and credit priority in payment under Section 507(a) of the Bankruptcy Code except administrative claims.

**"PROOF OF CLAIM"** means the statement of a claim by its Holder in a form that

-5-

corresponds substantially to the requirements and official form numbers 19, 20, or 21 of the

Bankruptcy Rules, which form is to be filed with the Clerk of the Bankruptcy Court.

**"SECURED CREDITOR"** shall mean a creditor who has a lien (as defined in

Sections 101(28), 101(36), 101(37), and 101(51) of the Bankruptcy Code), security

interest(as defined in Section 101(51)), or other encumbrances which have been properly

perfected as required by law with respect to property owned by the Debtor, and whose claim

against the Debtor is not greater than the value of the Debtors' assets on which said creditor's

lien, security interest or other encumbrances attaches to.

**"ULTIMATELY ALLOWED CLAIM"** means any disputed claim that becomes

an Allowed Claim.

**"UNSECURED CLAIM"** shall mean all claims other than administrative claims,

priority claims, tax claims and equity interests.

**"UNSECURED CREDITOR"** shall mean any creditor that holds an unsecured

claim.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTEREST

Pursuant to the Bankruptcy Code, certain claims and expenses held by creditors are

not to be classified by the Debtor in a plan of reorganization, however, these claims or

interests enjoy  a priority in payment, and therefore must be paid in full before general

unsecured claims can receive any distribution.

Such claims and interests include the expenses of administration of the estate, which

includes but is not limited to expenses incurred by the professionals retained by the Debtor

-6-

to process the Chapter 11 Bankruptcy proceeding, as well as any fees for the Office of the United States Trustee in accordance with relevant federal statute. Additional administrative expenses would be those unpaid claims of creditors incurred in the ordinary course of business by the Debtor during the Chapter 11 Bankruptcy proceeding. Other types of claims are entitled to priority under Section 507 of the United States Bankruptcy Code, which would include certain type of tax claims held by taxing authorities which were incurred prior to the Chapter 11 Bankruptcy proceeding.

Allowed claims and interests in the Debtor are divided into the following classes:

**Class One:**

Class One consists of the secured claim held by SeaCoast National Bank or its successor/assignees, ("Seacoast"). This creditor has filed a secured proof of claim, assigned claim number "13" by the Clerk of the Court. The claim indicates a secured claim held by Seacoast by virtue of holding a first mortgage on the Debtor's Florida homestead property, with an address of 257 E. Lakewood Road, W. Palm Beach, Fl 33405, ("Homestead Property").

**Class Two:**

Class Two consists of the secured claim held by the Internal Revenue Service, ("IRS"). In the proof of claim filed by the IRS, assigned claim number "6" by the Clerk of the Court, the IRS indicated that it holds a secured claim in the amount of $1,146,989.42, by virtue of Federal Tax Liens filed against the Homestead Property.

BEHAR, GUTT & GLAZER, P.A.   DCOTA  A-350, 1855 GRIFFIN ROAD, FORT LAUDERDALE, FLORIDA 33004
DADE: 305-931-3771  •  BROWARD: 954-733-7030  •  PALM BEACH: 561-347-7160  •  DADE FAX: 305-931-3774  •  PALM BEACH FAX: 561-347-7164

-7-

**Class Three:**

Class Three consists of the secured claim held by Community Bank, ("Community"). This creditor has a secured claim by virtue of a mortgage on 557 Farrar School Road, Avella, PA 15312, ("Community Collateral"). The total balance due this creditor as of December, 2021, was approximately $17,392.16. Community filed a proof of claim, assigned claim # 4 by the Clerk of the Court.

**Class Four:**

Class Four consists of the secured claim held by First National Bank of Pennsylvania, ("First Bank"). This creditor has filed a secured proof of claim, assigned claim number "2" by the Clerk of the Court. The claim indicates a secured claim held by First Bank, in the amount of $936,424.54, by virtue of holding a mortgage on 557 Farrar School Road, Parcel No. 350-009-00-00-0001-00. The Debtor and First Bank have entered into a certain *Stipulation and Settlement Agreement,* ("Agreement"), a true copy of same is attached to this Plan, and made a part hereof. The Agreement has been approved by the Court, per Court order entitled *Order Approving Stipulation and Settlement Agreement, Modifying Claim Number 2 and Allowing Claim Number 3 of Creditor First National Bank of Pennsylvania,* [DE # 71], ("Settlement Order"). The Settlement Order is also attached to this Plan. The Agreement provides that the Class Three claim shall be reduced to $450,000.00, ("Settled Class Three Claim").

**Class Five:**

Class Five consists of secured claim held by First National. This creditor has filed

-8-

a secured proof of claim, assigned claim number "3" by the Clerk of the Court. The claim indicates a secured claim held by First Bank, in the amount of $448,993.34, by virtue of holding a mortgage on 557 Farrar School Road, Parcel, parcels No. 350-009-00-00-0006-00 and 350-009-00-00-0013-00.

**Class Six:**

Class Six consists of the secured claim held by Palm Beach Tax Collector, ("Palm Beach Tax"). This creditor has filed a secured proof of claim, assigned claim number "5" by the Clerk of the Court.    The claim indicates a secured claim held by Palm Beach Tax, in the amount of $18,911.98, by virtue of 2021 Real Property taxes due on the Homestead Property.

**Class Seven:**

Class Seven consists of the secured claim held by Mechanics Bank. This creditor holds a secured claim in the approximate amount of $26,509.86, by virtue of a lien on a certain 2014 Ford F350, VIN # A06006, (the "Mechanics Collateral").

**Class Eight:**

Class Eight consists of the secured claim held by Washington County Pennsylvania Tax Collector, ("Washington Tax").    This creditor has filed a secured proof of claim, assigned claim number "8" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $29,185.82, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 557 Farrar School Road, Avella PA, parcel # 350-009-00-00-0013-00.

-9-

**Class Nine:**

Class Nine consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "9" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $656.78, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 557 Farrar School Road, Avella PA, parcel # 350-009-00-00-0011-00.

**Class Ten:**

Class Ten consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "10" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $9,555.77, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 573 Farrar School Road, Avella PA, parcel # 350-009-00-00-0001-00.

**Class Eleven:**

Class Eleven consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "11" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $52,780.46, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 573 Farrar School Road, Avella PA, parcel # 350-007-00-00-0006-00.

**Class Twelve:**

Class Twelve consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "12" by the Clerk of the Court.

-10-

The claim indicates a secured claim held by Washington Tax, in the amount of $8,679.97,

by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with

an address of 4679 Jefferson Ave., Avella, PA, parcel # 350-008-00-00-0003-00.

**Class Thirteen:**

Class Thirteen consists of the general unsecured creditors holding Allowed Claims

whose claims have not been specifically classified to another class.

### ARTICLE III
### PROVISIONS FOR SATISFYING CLAIMS OF CREDITORS

All administrative expenses as incurred by the professionals retained in these Chapter

11 Bankruptcy proceedings are subject to Bankruptcy Court approval upon proper

application and notice to creditors.  To the extent that same are allowed by the bankruptcy

Court, the Debtor  shall pay, or cause to paid,  these expenses, in full, in cash, on the

effective date of the PLAN or within such terms and  conditions as may be agreed upon

between the Debtor and each such creditors.  All other administrative expenses shall be paid

by the Debtor in full, in cash, on the effective date of the PLAN or upon such terms and

conditions as may be agreed upon by said creditors and the Debtor.   Notwithstanding any

other provisions of the PLAN to the contrary, the Debtor  shall pay the United States Trustee

the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), within ten (10) days of the

entry of the order confirming this PLAN, for pre-confirmation periods and simultaneously

provide to the United States Trustee an appropriate affidavit indicating the cash

disbursements for the relevant period.  The Debtor,  as reorganized Debtor, shall further pay

the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for

-11-

post-confirmation periods within the time period set forth in 28 U.S.C. §1930 (a)(6), based

upon all post-confirmation disbursements made by the reorganized Debtor, until the earlier

of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon

the entry of an Order by the Bankruptcy Court dismissing this case or converting this case

to another chapter under the  United States Bankruptcy Code, and the reorganized Debtor

shall provide to the United States Trustee upon the payment of each post-confirmation

payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

Certain claims held by taxing authorities are entitled to priority in payment pursuant

to §507 of the Bankruptcy Code.  These claims were incurred prior to the commencement of

this proceeding.  The claim of all priority tax claimants will be paid by the Debtor on account

of their claims, in full, from the proceeds of the sale of the Debtor's Homestead Property, as

described and defined below,  such payment to be made on the Effective Date of the Plan.

The Debtor believes there are there exists only one priority tax claimant, namely the Internal

Revenue Service ("IRS").  The IRS filed a priority claim in the amount of $135,273.53, as

represented in proof of claim assigned claim #6 by the Clerk of the Court.

Class One consists of the secured claim held by SeaCoast National Bank or its

successor/assignees. This creditor has filed a secured proof of claim, assigned claim number

"13" by the Clerk of the Court.  The claim indicates a secured claim held by Seacoast  by

virtue of holding a first mortgage on  the Debtor's Florida homestead property, with an

address of 257 E. Lakewood Road, W. Palm Beach, Fl 33405, ("Homestead Property").  The

Debtor intends to remain current with SeaCoast, and continue to pay the claimant in

**BEHAR, GUTT & GLAZER, P.A.**   DCOTA  A-350, 1855 GRIFFIN ROAD, FORT LAUDERDALE, FLORIDA 33004
DADE: 305-931-3771  •  BROWARD: 954-733-7030  •  PALM BEACH: 561-347-7160  •  DADE FAX: 305-931-3774  •  PALM BEACH FAX: 561-347-7164

-12-

accordance with the note and mortgage terms. This claimant will maintain its lien position on the SeaCoast Collateral. This Class will be satisfied in full, on the Effective Date of the Plan, from the proceeds of the sale of the Homestead Property. This Class is unimpaired.

Class Two consists of the secured claim held by the IRS. In the proof of claim filed by the IRS, assigned claim number "6" by the Clerk of the Court, the IRS indicated that it holds a secured claim in the amount of $1,146,989.42, by virtue of Federal Tax Liens filed against the Homestead Property. This claimant will maintain its lien position on the Homestead Property. This Class will be satisfied in full, on the Effective Date of the Plan, from the proceeds of the sale of the Homestead Property. This Class is unimpaired.

Class Three consists of the secured claim held by Community. This creditor has a secured claim by virtue of a mortgage on 557 Farrar School Road, Avella, PA 15312, ("Community Collateral"). The total balance due this creditor as of December, 2021, was approximately $17,392.16. Community filed a proof of claim, assigned claim # 4 by the Clerk of the Court. The Debtor intends to remain current with Community, and continue to pay the claimant in accordance with the note and mortgage terms. This claimant will maintain its lien position on the Community Collateral. This Class is unimpaired.

Class Four consists of the secured claim held by First Bank. This creditor has filed a secured proof of claim, assigned claim number "2" by the Clerk of the Court. The claim indicates a secured claim held by First Bank, in the amount of $936,424.54, by virtue of holding a mortgage on 557 Farrar School Road, Parcel No. 350-009-00-00-0001-00. The Debtor and First Bank have entered into a certain Agreement. The Agreement has been

-13-

approved by the Court, per the Settlement Order.  The Agreement provides that the Class

Three claim shall be reduced to $450,000.00, ("Settled Class Three Claim").  The Settled

Class Three Claim shall be paid over a thirty (30) year period, earning interest at the rate of

4.375% per annum.   The Settled Class Three Claim will maintain its lien position on the

First Bank Collateral.  The balance of the claim, (i.e., $508,720.49) held by First Bank shall

be treated as a Class 13 claim.  This class is impaired.

Class Five consists of secured claim held by First National.   This creditor has filed

a secured proof of claim, assigned claim number "3" by the Clerk of the Court.  The claim

indicates a secured claim held by First Bank, in the amount of $448,993.34,  by virtue of

holding a mortgage on  557 Farrar School Road, Parcel, parcels No.  350-009-00-00-0006-

00 and 350-009-00-00-0013-00. Through the Plan, the Debtor shall continue to pay the Class

Four creditor based on the terms and provisions of the Note and Mortgage.   This class will

maintain their lien position on the collateral.   This class is unimpaired.

Class Six consists of the secured claim held by Palm Beach  Tax.  This creditor has

filed a secured proof of claim, assigned claim number "5" by the Clerk of the Court.     The

claim indicates a secured claim held by Palm Beach Tax, in the amount of $18,911.98,  by

virtue of 2021 Real Property taxes due on the Homestead Property.  This claimant will

maintain its lien position on the Homestead Property.   This Class will be satisfied in full,

upon the Effective Date of the Plan, from the proceeds of the sale of the Homestead Property.

This class is unimpaired.

Class Seven  consists of the secured claim held by Mechanics Bank.  This creditor

-14-

holds a secured claim in the approximate amount of $26,509.86, by virtue of a lien on a certain 2014 Ford F350, VIN # A06006, (the "Mechanics Collateral"). The Debtor, through this Plan, intends to remain current on the payment obligations due to this creditor. This creditor will maintain its lien position on the Mechanics Collateral. This class is unimpaired.

Class Eight consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "8" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $29,185.82, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 557 Farrar School Road, Avella PA, parcel # 350-009-00-00-0013-00. Through this Plan, the Debtor intends to pay and satisfy this claim by a payment to be made on the Effective Date of the Plan, for the full amount of the claim, plus any applicable interest due. This class is unimpaired.

Class Nine consists of the secured claim held by Washington Tax. This creditor has filed a secured proof of claim, assigned claim number "9" by the Clerk of the Court. The claim indicates a secured claim held by Washington Tax, in the amount of $656.78, by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an address of 557 Farrar School Road, Avella PA, parcel # 350-009-00-00-0011-00. Through this Plan, the Debtor intends to pay and satisfy this claim and shall be paid in full, by a payment to be made on the Effective Date of the Plan, for the full amount of the claim, plus any applicable interest due. This class is unimpaired.

Class Ten consists of the secured claim held by Washington Tax. This creditor has

-15-

filed a secured proof of claim, assigned claim number "10" by the Clerk of the Court. The

claim indicates a secured claim held by Washington Tax, in the amount of $9,555.77,  by

virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with an

address of 573 Farrar School Road, Avella PA, parcel # 350-009-00-00-0001-00.   Through

this Plan, the Debtor intends to pay and satisfy this claim and shall be paid in full, by a

payment to be made on the Effective Date of the Plan, for the full amount of the claim, plus

any applicable interest due.  This class is unimpaired.

Class Eleven  consists of the secured claim held by Washington  Tax.  This creditor

has filed a secured proof of claim, assigned claim number "11" by the Clerk of the Court.

The claim indicates a secured claim held by Washington Tax, in the amount of $52,780.46,

by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with

an address of 573 Farrar School Road, Avella PA, parcel # 350-007-00-00-0006-00.

Through this Plan, the Debtor intends to pay and satisfy this claim and shall be paid in full,

by a payment to be made on the Effective Date of the Plan, for the full amount of the claim,

plus any applicable interest due. This class is unimpaired.

Class Twelve consists of the secured claim held by Washington  Tax.  This creditor

has filed a secured proof of claim, assigned claim number "12" by the Clerk of the Court.

The claim indicates a secured claim held by Washington Tax, in the amount of $8,679.97,

by virtue of 2019, 2020 and 2021 Real Property taxes due and secured by real property with

an address of 4679 Jefferson Ave., Avella, PA, parcel # 350-008-00-00-0003-00.   Through

this Plan, the Debtor intends to pay and satisfy this claim and shall be paid in full, by a

-16-

payment to be made on the Effective Date of the Plan, for the full amount of the claim, plus

any applicable interest due.  This class is unimpaired.

Class Thirteen  consists of the general unsecured creditors holding Allowed Claims

whose claims have not been specifically classified to another class.  This class will be paid,

in quarterly payments, over a ten (10) year period, a total sum of 10% of the Allowed Claims,

with no interest,  held by the creditors in this Class Twelve.  This class is impaired.

## ARTICLE IV
## CLAIMS NOT IMPAIRED UNDER THE PLAN

The PLAN contemplates class four and thirteen are  impaired, and are  therefore

entitled to vote on the Plan.

## ARTICLE V
## ACCEPTANCE OR REJECTION OF THE PLAN; EFFECTIVE
## REJECTION BY ONE OR MORE CLASSES OR INTERESTS

Each impaired class with claims against the Debtor's estate shall be entitled to vote

separately to accept or reject the PLAN.    Classes four and thirteen are impaired.

Nevertheless, if the PLAN is not accepted by the requisite majorities, there is a

possibility that the PLAN may still be confirmed.  The Bankruptcy Code §1129(b)(1) has

been nicknamed the "crammed down" provisions in such an eventuality.  The PLAN may be

confirmed or "crammed down" notwithstanding its rejection by a dissenting class of creditors

if the PLAN does not discriminate unfairly and is fair and equitable with respect to the class

that has not accepted the PLAN. The Debtor believes that the PLAN satisfies the "crammed

down" criteria, in that each class is treated fairly, and no class junior to a particular class is

receiving better treatment.   The Debtor reserves her  right to request the Court to confirm

-17-

this PLAN notwithstanding the fact that each impaired class does not accept the PLAN.

## ARTICLE VI
## MEANS FOR EXECUTION OF THE PLAN

The Plan will be funded primarily from proceeds of the sale of the Debtor's Homestead Property, and by distributions received by the Debtor on account of her minority interest in a company called Sertec, Inc., ("Sertec"). Such distributions are the only source of income received by the Debtor. Although the COVID-19 pandemic has hurt the business of Sertec, the Debtor believes the income she is expected to receive as a minority shareholder should be sufficient and adequate to fund the distributions contemplated in the Plan.

The Plan contemplates that a significant portion of the funding of the Plan will be derived from the sale of the Debtor's Homestead Property. Pursuant to § 1146(a) of the Bankruptcy Code, the issuance, distribution, transfer or exchange of any security or the making, delivery or recording of any instrument of transfer pursuant to, in implementation of or as contemplated by the Plan or any Plan Document, or the revesting, transfer or sale of any real or personal property of, by or in the Debtor pursuant to, in implementation of or as contemplated by the Plan or any Plan Document, or any transaction arising out of, contemplated by or in any way related to the foregoing, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall be, and hereby are, directed to forego the

-18-

collection of any such tax or governmental assessment and to accept for filing and recording

any of the foregoing instruments or other documents without the payment of any such tax or

governmental assessment.

## ARTICLE VII
## REJECTION AND AFFIRMANCE OF EXECUTORY CONTRACTS

Any and all executory contracts or unexpired leases of the Debtor  not expressly

affirmed prior to the confirmation date shall be hereby rejected as of the confirmation date

and have no further force and effect of any nature whatsoever.  Once fixed by Order of the

Court, the claims resulting from such rejections shall be treated under the PLAN as Class

thirteen  creditors.  All such claims, if any, must be filed with the Clerk of the Bankruptcy

Court within thirty (30) days of the entry of the confirmation Order or be forever barred.

The Debtor believe there are no such claims.

## ARTICLE VIII
## DISPUTED CLAIMS AND OBJECTIONS TO CLAIMS

All objections to claims anticipated by the Debtor have been, or will be,  filed and

resolved by Court Order.  It is anticipated that further objections will be filed.

## ARTICLE IX
## EFFECT OF CONFIRMATION

Except as otherwise provided herein or in the Confirmation Order, the rights afforded

herein and the treatment of all Claims and equity interests herein shall be in exchange for and

in complete satisfaction, discharge and release of Claims and equity interests of any nature

whatsoever,  including  any  interest  accrued  on  such  Claims  from  and  after  the

-19-

Commencement Date, against the Debtor, the Estate, any of the assets or properties under the Plan. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.   The Debtor will request an early discharge, to occur upon payment of the first distributions contemplated by the Plan, and to occur on the Effective Date of the Plan.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007( c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## UNCLAIMED FUNDS

Any distribution made pursuant to the PLAN, and made by the disbursing agent of the PLAN, and to which said distribution check has not been cashed or redeemed within 90 days of the mailing of the check to the creditor, then such funds will revert back to, and become property of the Debtor.

## ARTICLE XI
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after confirmation until substantial consummation of the PLAN and until the entry of a final decree, with respect to the following matters: (a) to enable any party in interest to consummate any and all proceedings that it may bring prior to the confirmation to set aside liens, or to recover any preferences, transfers, assets, or damages to which it may be entitled under the provisions of the Bankruptcy Code or other federal or state law; (b) to hear and determine the allowances of

-20-

all claims, including claims arising from the rejection of any executory contract and any

objections made thereto; ( c)  to liquidate or estimate damages or determine the manner and

time for such liquidation or estimation in connection with any continuing or unliquidated

claim; (d) to adjudicate all claims to any lien on any property of the Debtor or any proceeds

thereof; (e) to adjudicate all claims or controversies arising during the pendency of the

Chapter 11 case; (f) to determine the priority of the terms and conditions of the sale of any

property of Debtor; (g) to consider any modification of the PLAN under § 1127 of the

Bankruptcy Code, and/or any modification of the PLAN after substantial consummation as

defined in § 1101(2) of the Code; and (h) to make such orders as are not limited to but

including those which are necessary, or appropriate to carry out the provisions of the PLAN.

DATED:    W. Palm Beach, Florida, this 31st day of October, 2022.


LISA M. ZIMMERMANN

By: _____
        LISA M. ZIMMERMANN



BEHAR, GUTT & GLAZER, P.A.
Attorneys for Debtor
DCOTA- Suite A-350
1855 Griffin Road
Ft. Lauderdale, FL 33004
Tel. (305) 931-3771
Fax (305) 931-3774

By _____
BRIAN S. BEHAR    FBN 727131